# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| William Eric Brown, | : | |
| Petitioner/Defendant, | : | Civil Action No. 11-0251-WS |
| v. | : | Criminal No. 08-0224-WS-C |
| United States of America, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION[1]

Petitioner William E. Brown, a federal prison inmate proceeding *pro se*, filed on May 13, 2011 a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 59). This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). It is recommended that Brown's § 2255 motion be dismissed as procedurally barred because the claims raised therein have been raised and disposed of on direct appeal.

## PROCEDURAL BACKGROUND

On May 25, 2011, the undersigned issued a report and recommendation (Doc. 60) concluding that the Brown's motion should be denied on two alternative and independent grounds—first, it is time-barred under 28 U.S.C. § 2255(f)(1) (*id.* at ¶¶ 2-5); and second, the claims raised therein are procedurally barred from review because they were raised and disposed of on direct appeal (*id.* at ¶¶ 6 & 7). On May 27, 2011, the

---

[1] The report and recommendation dated May 25, 2011 (Doc. 60) is hereby **withdrawn**. In its place this new report and recommendation is entered and any objections to it must be filed within fourteen days of its receipt.

United States filed an objection to the report and recommendation (Doc. 61) to point out the undersigned's unintentional factual error that Brown's conviction became final on November 5, 2009 (the date the Eleventh Circuit issued judgment) because petitioner filed a petition for writ of *certiorari* with the Supreme Court, which was denied on May 3, 2010, *Brown v. United States*, ___ U.S. ___, 130 S. Ct. 2403 (2010), thus extending the time for petitioner to file a § 2255 petition to May 3, 2011.[2] (*See* Doc. 61 at 1-2.)

While the undersigned's error led to the erroneous conclusion that Brown's petition is time-barred, it does ***not*** affect the undersigned's alternative ground for recommending that the motion be denied—the claims raised therein are procedurally barred from review because they were raised and disposed of on direct appeal.

## **FINDINGS OF FACT**

1. On August 29, 2008, Brown entered a counseled guilty plea to Count One of the Indictment (Doc. 11), failure to register as a sex offender in violation of Title 18, United States Code, Section 2250(A). (*See* Doc. 28; *see also* Doc. 27 (plea agreement).) Brown was sentenced on December 10, 2008 to 21 months imprisonment. (*See* Docket Sheet, Minute Entry for December 10, 2008; *see also* Doc. 35.) Judgment (Doc. 35) was entered by the Court, and Brown filed his Notice of Appeal (Doc. 36) on December 12, 2008.

---

[2] As the United States points out in their objection (Doc. 61 at 2 & n.1), Brown filed his motion while in federal custody, and "[u]nder the prisoner 'mailbox rule,' Brown is presumed (in the absence of contrary evidence) to have tendered his motion to prison authorities for mailing on the day he signed it—April 24, 2011." (*Id.* at 2.) The United States thus submits, and the undersigned agrees, "that Brown should be deemed to have filed a timely motion." (*Id.*)

2. On appeal, Brown contended that the Court "committed plain error during his Rule 11 colloquy when it erroneously stated his maximum term of supervised release," and challenged "the validity and applicability of [the Sex Offender Registration and Notification Act ("SORNA")] on various grounds." *United States v. Brown*, 586 F.3d 1342, 1344-45 (11th Cir. 2009), *cert. denied*, ___ U.S. ____, 130 S. Ct. 2403 (2010). As to this Court's Rule 11 error, the Eleventh Circuit concluded "that the [Court] did not plainly err when it misstated Brown's maximum term of supervised release during his plea colloquy." *Id.* at 1347. The Eleventh Circuit further rejected Brown's various challenges to the validity and applicability of SORNA, holding—pertinent for issues of this § 2255 petition—that (1) SORNA applied to Brown because "a sex offender is not exempt from SORNA's registration requirements merely because the jurisdiction in which he is required to register has not yet implemented SORNA" and because Brown could have registered as a sex offender through Alabama's existing sex offender registry, *id.* at 1349; and (2) there was no due process violation because, first, Brown had actual knowledge that he had a duty to register in Alabama under at least state law and, second "[i]n addition to actual notice, there were sufficient circumstances to prompt Brown to have inquired upon his duty to register." *Id.* at 1351 (citing this Court's findings of those circumstances (Doc. 26 at 9)).

3. As to his grounds for why his conviction is improper or unlawful, Brown's § 2255 petition lists three: (1) SORNA was not applicable to him because it had not been implemented "at the time of [his] presence in the State of Alabama" (Doc. 59 at 4); (2) he was not advised by government authorities "that he was required to register

3

under SORNA guidelines" (*id.*); and (3) the Court "committed plain error when it incorrectly advised [him] during his Rule 11 plea colloquy that he faced a maximum of 3 year supervised release term . . . ." (*Id.* at 5.)  Brown also includes in his petition seven pages titled "Argument and Citations of Authority" (*id.* at 8-14), which set forth these arguments, among others, and appear to be pages excerpted from a brief in support of his direct appeal.  (*See id.* at 14 (signature of Kristen Gartman Rogers with the Southern District of Alabama Federal Defenders Organization, Brown's counsel on direct appeal (*see Brown*, 586 F.3d at 1344).)

## CONCLUSIONS OF LAW

1.      Rule 4 of the Rules Governing Section 2255 Cases provides, in pertinent part, that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  28 U.S.C. foll. § 2255, Rule 4(b).  Because this rule is all but identical to its § 2254 counterpart, *see* 28 U.S.C. foll. § 2254, Rule 4, it is clear that a district court has the authority under this rule to dismiss frivolous habeas petitions prior to any answer by the United States.  *Acosta v. Artuz*, 221 F.3d 117, 123 (2nd Cir. 2000) ("[T]he authority to raise [ ] procedural defenses *sua sponte* is consistent with the authority provided to the district courts in 2254 Habeas Rule 4 and 2255 Habeas Rule 4(b)."); *see Day v. Crosby*, 391 F.3d 1192, 1194 (11th Cir. 2004) (per curiam) ("The critical difference between the ordinary civil case and a habeas case involves Rule 4 of the Rules Governing Section 2254 cases . . . .  The Fifth, Fourth, and Second Circuits have concluded that '[t]his rule differentiates habeas cases from

4

other civil cases with respect to *sua sponte* consideration of affirmative defenses.' . . . The Advisory Committee Notes to Rule 4 state that a federal district court has 'the duty . . . to screen out frivolous applications.'"), *judgment aff'd sub nom. Day v. McDonough*, 547 U.S. 198 (2006); *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (finding that a district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state."); *Emerson v. United States*, No. Civ.A. 6:03-CV-030-C, 2004 WL 743914, at *1 (N.D. Tex. Apr. 7, 2004) ("Respondent United States of America [ ] has not filed an answer, but the Court has reviewed Emerson's pleadings and finds that his petition should be denied. *See* Rule 4 of the Rules Governing Section 2254 Cases . . . and Rule 4(b) [,] Rules Governing Section 2255 Proceedings[.]"), *cert. denied*, 541 U.S. 1081 (2004); *United States v. Gray*, No. TCR 88-04060, TCR 93-40156-WS, 1996 WL 228461, at *16 (N.D. Fla. Apr. 24, 1996) ("Finally, Judge Coffin noted [in concurring in part and dissenting in part in *United States v. Quin*, 836 F.2d 654, 658-659 (1st Cir .1988)] that federal courts are not helpless to manage frivolous habeas or post-conviction petitions. Patently frivolous claims may be dismissed summarily without answer by the Government.").

2. Brown's current petition makes no effort to disguise or recast the arguments he presented to—and which were rejected by—the Eleventh Circuit on direct appeal. *Compare* Doc. 59 at 4 (Brown asserts that SORNA was not applicable to him because it had not been implemented "at the time of [his] presence in the State of Alabama") *with Brown*, 586 F.3d at 1349 (Eleventh Circuit held that SORNA applied to Brown because "a sex offender is not exempt from SORNA's registration requirements

5

merely because the jurisdiction in which he is required to register has not yet implemented SORNA" and because Brown could have registered as a sex offender through Alabama's existing sex offender registry); Doc. 59 at 4 (Brown asserts that he was not advised by government authorities "that he was required to register under SORNA guidelines") *with Brown*, 586 F.3d at 1351 (Eleventh Circuit held that there was no due process violation because, first, Brown had actual knowledge that he had a duty to register in Alabama under at least state law and, second "[i]n addition to actual notice, there were sufficient circumstances to prompt Brown to have inquired upon his duty to register"); Doc. 59 at 5 (Brown asserts that the trial court "committed plain error when it incorrectly advised [him] during his Rule 11 plea colloquy that he faced a maximum of 3 year supervised release term") *with Brown*, 586 F.3d at 1347 (Eleventh Circuit held "that the district court did not plainly err when it misstated Brown's maximum term of supervised release during his plea colloquy").

3. And, as this Court has recognized, where claims in a § 2255 petition are nearly identical to—much less exactly the same as—claims raised and rejected on direct appeal and a petitioner fails to demonstrate "any change in circumstances which would merit re-litigation of the claim in this collateral proceeding," the petitioner "adds nothing of substance which would justify a different result." *White v. United States*, Civil Action No. 08–00303–CG–B; Criminal No. 06–00086–CG–B, 2011 WL 1130882, at *7 (S.D. Ala. Feb. 11, 2011); *see also Hobson v. United States*, 825 F.2d 364, 366 (11th Cir. 1987) (claim raised and considered on direct appeal precludes further review of the claim in a § 2255 motion), *vacated on other grounds*, 492 U.S. 913 (1989); *United States v. Nyhuis*, 211

6

F.3d 1340, 1343 (11th Cir. 2000) ("Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255."); *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981) (claims raised and disposed of in a previous appeal are precluded from reconsideration in a § 2255 proceeding); *Evans v. United States*, No. 1:07CV67 CDP, 2009 WL 4825164, at *3 (E.D. Mo. Dec. 11, 2009) ("Because Evans litigated this issue on direct appeal and lost, he is now barred from raising it in his Section 2255 motion.") (citing *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1980) ("It is well settled that claims which were raised and decided on direct appeal cannot be relitigated in a motion to vacate pursuant to 28 U.S.C. § 2255.")) *cf. Quintero-Calle v. United States*, Nos. 08-20879-CIV; 05-20725-CR, 2009 WL 498068, at *12 (S.D. Fla. Feb. 26, 2009) ("The presentation of the claim in this § 2255 proceeding in the guise of an ineffective assistance of counsel claims adds nothing of substance which would justify a different result."). Therefore, because the three claims Brown sets forth in his petition "have been decided adversely to [him] on direct appeal," *Nyhuis*, 211 F.3d at 1343, to the Eleventh Circuit, *see Brown*, 586 F.3d at 1347, 1349, and 1351, they "cannot be re-litigated [in this Court] in a collateral attack under section 2255." *Nyhuis*, 211 F.3d at 1343.

4. Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his

habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). When, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as issues decided on direct appeal "cannot be re-litigated in a collateral attack under section 2255," *see Nyhuis*, 211 F.3d at 1343, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Brown should be allowed to proceed further. *See Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

5. Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is

an objection to this recommendation, the objecting party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g., Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for the same procedure).

## CONCLUSION

The Magistrate Judge recommends that the instant petition be dismissed as procedurally barred. Petitioner is not entitled to a certificate of appealability and, therefore, is not entitled to appeal *in forma pauperis*.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 31st day of May, 2011.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

l. *Objection*. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in S.D. Ala. L.R. 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. *Transcript (applicable Where Proceedings Tape Recorded)*. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[1] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED. R. CIV. P. 72(b)(2).